FILED 08 AUG 07 12:58 USDC-LAE

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PAUL E. RUNNEBAUM and<br>GAIL RUNNEBAUM<br>        Plaintiffs | * <br> * <br> * <br> * | CIVIL ACTION NO.<br><br>SECTION **08-4123** |
| versus | * <br> * | |
| MEDTRONIC, INC., and MEDTRONIC<br>SOFAMOR DANEK USA, INC.<br>        Defendants | * <br> * <br> * | MAGISTRATE    **SECT. J  MAG. 3** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

The Complaint of PAUL E. RUNNEBAUM, and his wife, GAIL RUNNEBAUM, persons of the full age of majority and domiciled in the Parish of Jefferson, State of Louisiana, respectfully represent as follows:

1.

Defendant, MEDTRONIC, INC., is a foreign corporation domiciled in the State of Minnesota, and doing business in the State of Louisiana, all within the jurisdiction of this Court.

2.

Defendant, MEDTRONIC SOFAMOR DANEK USA, INC., is a foreign corporation

Fee 350.
Process
X Dktd
CtRmDep
Doc. No

domiciled in the State of Tennessee, and doing business in the State of Louisiana, all within the jurisdiction of this Court.

3.

Jurisdiction is proper under 28 U. S. C. §1332 as complete diversity exists between the complainants and defendants.

4.

Complainants are claiming damages in excess of the minimal jurisdictional limit of this Court.

5.

Venue is proper as complainants are Louisiana residents of this judicial district whose claims arose from injury sustained in this judicial district.

6.

Defendants are liable unto complainants for all physical and mental and special damages which are reasonable in the premises including, but not limited to, all costs, attorney's fees, exemplary damages, penalties, judicial interest from date of demand until paid, and all equitable and general relief for the following reasons, to-wit:

7.

Defendants, MEDTRONIC, INC. and/or MEDTRONIC SOFAMOR DANEK USA, INC., as their interest may appear, was the manufacturer of the product known as the Medtronic Sexton-II System, and other equipment used in minimally invasive transforaminal fusion surgery.

8.

Complainant, Paul E. Runnebaum, underwent such surgery on or about August 10, 2007,

at Omega Hospital, L.L.C., in Metairie, Louisiana, performed by Najeeb Thomas, M.D., as outlined in the operative report thereon.

9.

Dr. Thomas utilized "percutaneous pedicle screws from Medtronic Sexton-II System (6.5x45 at L5, 6.5x40 S1) with 35-mm rod placement from L5 to S1".[1]

10.

Thereafter, it was determined that two pedicle screws had failed and broken, with radiological evidence of that mechanical failure in construction or composition; the product was defective in that it failed in normal use, without a reasonable secondary cause.

11.

As a direct result of the failure of the product manufactured by defendants, Mr. Runnebaum will have to undergo surgery for removal of the failed pedicle screws.

12.

As a result of this failure, complainant, Paul E. Runnebaum, has suffered grievous bodily injury, and has sustained past and future loss of earnings, past and future medical expenses, loss of earning capacity, past and future pain and suffering, past and future mental anguish, permanent disability and loss of enjoyment of life.

13.

As a result of this failure and injury, complainant, GAIL RUNNEBAUM, the lawful wife of complainant, Paul E. Runnebaum, is entitled to recover damages for loss of consortium for the injuries to her husband.

---

[1] Omega Hospital, L.L.C. Operative Report of 8-10-07.

14.

## **FIRST CAUSE OF ACTION**

Complainants aver that their resulting damage was caused by the acts and/or omissions of defendants, including, but not limited to, the following particulars:

1. Providing a product that was unreasonably dangerous in construction or composition;

2. Providing a product that was unreasonably dangerous in design;

3. Providing a product that was unreasonably dangerous because of inadequate warning about the nature of the product;

4. Providing a product that was unreasonably dangerous because of nonconformity to warranties, express or otherwise;

5. Failing to adequately and properly research, test and inspect their product so as to assure that it was safe and proper for the purpose for which it was purportedly designed, manufactured and sold;

6. Providing a product of which defendants knew or should have known that the relative risks exceeded the benefits of the product's anticipated use;

7. Failing to act as reasonable and prudent persons would under the same or similar circumstances;

8. Any other acts or omissions which may be shown at time of trial, all in violation of the statutes and the laws of Louisiana.

15.

At the time the product left defendants' control, the system pedicle screws deviated in a

material way from the defendants' specification or performance standards for the system or for identical systems of their manufacture, and failed to meet the standards of the industry.

16.

Defendant knew, or should have known, that at the time its product left its control, the design, nature and danger of the product's characteristics could cause complainants' injuries. Furthermore, defendant knew, or should have known, of the design, nature, and danger of the product's characteristics, but failed to inform complainants or other foreseeable users.

17.

Separate and apart from, and in the alternative to, its status as manufacturer of the product, defendant entered into a contract of sale with complainants as a result of complainants' purchase of defendant's product through the attending surgeon.

18.

## SECOND CAUSE OF ACTION

As a result of its breach of conventional obligations, defendant is an obligor in bad faith per Articles 1994 and 1997 of the Louisiana Civil Code and liable unto complainants for all damages, foreseeable or not, that are a direct consequence of the failure of the product to perform its intended purpose, including, but not limited to, damages for pecuniary and non-pecuniary loss.

19.

## THIRD CAUSE OF ACTION

Defendant is, by operation of law, presumed to know that its product contained redhibitory defects, which it failed to declare, so that defendant is further liable unto complainants under Articles 2520 *et seq.* of the Louisiana Civil Code. Such liability includes return of the purchase price,

damages, including, but not limited to, mental anguish, and attorney's fees pursuant to Article 2545 of the Louisiana Civil Code and the presumptions contained therein.

20.

Complainants further plead the applicability of the doctrine of *res ipsa loquitur*.

**WHEREFORE**, Complainants, PAUL E. RUNNEBAUM, and GAIL RUNNEBAUM, pray that Defendants be duly cited to appear and answer this petition; that Defendants, MEDTRONIC, INC. and/or MEDTRONIC SOFAMOR DANEK USA, INC., be served with a copy of same; that after due proceedings had, there be judgment herein in favor of Complainants and against Defendants for damages appropriate in the premises, in an amount no less $5,000,000.00, together with all costs, interest from date of judicial demand until paid, expert fees, attorney's fees, penalties, exemplary damages to the extent applicable, and for all general and equitable relief.

Respectfully submitted,

_____
A. Remy Fransen, Jr., Bar #5827
**FRANSEN & HARDIN**
814 Howard Avenue
New Orleans, LA 70113
Telephone: (504) 522-1188

**PLEASE SERVE:**
MEDTRONIC, INC.
Through their registered agent:
CT Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70808

MEDTRONIC SOFAMOR DANEK USA, INC.
Through their registered agent:
CT Corporation System
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA 70808